IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LINDSAY HUNT,   Case No. CV 08-802-AC

        Plaintiff,   JUDGMENT

v.

CITY OF PORTLAND,

        Defendant.

This case was tried simultaneously to a jury on plaintiff Lindsay Hunt's ("Hunt") whistleblower claim under OR. REV. STAT. 659A.230 and to the court on Hunt's whistleblower claim under OR. REV. STAT. 659A.203, with U.S. Magistrate Judge John V. Acosta presiding. On June 3, 2011, the jury returned a verdict in favor of the City of Portland ("City") and against Hunt on Hunt's claim under OR. REV. STAT. 659A.230. On June 16, 2011, the court rendered its verdict in favor of the City and against Hunt on Hunt's claim under OR. REV. STAT. 659A.203.

Hunt filed her lawsuit on July 3, 2008, against the City and seven PPB officers. Thereafter, Hunt amended her complaint twice to drop and add claims and individual defendants. The court also

1    JUDGMENT

granted the City's unopposed motion to dismiss an additional claim. On April 16, 2010, the court granted in part the City's summary judgment motion and dismissed Hunt's claims of gender discrimination under OR. REV. STAT. 659A.030; common law wrongful discharge; negligence; violation of 42 U.S.C. § 1983 based on deprivation of freedom of speech, denial of substantive due process, denial of equal protection, and conspiracy to deprive her of those rights; and violation of and 42 U.S.C. § 1985 based on conspiracy to discriminate against her based on gender. The court also dismissed all defendants from the case except the City. Hunt sought reconsideration of the court's summary judgment ruling as to her freedom of speech claim, which motion the court denied on September 24, 2010. Following these rulings, only Hunt's state statutory whistleblower claims under OR. REV. STAT. 659A.203 and OR. REV. STAT. 659A.230 against the City remained for trial.

Accordingly,

IT IS HEREBY ORDERED that judgment be, and is, entered as follows:

(1) For the City and against Hunt on Hunt's claims of gender discrimination under OR. REV. STAT. 659A.030; and wrongful discharge;

(2) For the individual defendants and against Hunt on Hunt's claim of intentional interference with economic relations;

(3) For all defendants and against Hunt on Hunt's claims of negligence; violation of 42 U.S.C. § 1983 based on deprivation of the right of freedom of speech, denial of substantive due process, denial of equal protection, and conspiracy to deprive her of those rights; and violation of 42 U.S.C. § 1985 based on conspiracy to deprive her of the right of freedom of speech, substantive due process, and equal protection, and to discriminate against her because of her gender;

(4) For the City and against Hunt on Hunt's whistleblower claim under OR. REV. STAT. 659A.230; and

(5) For the City and against Hunt on Hunt's whistleblower claim under OR. REV. STAT. 659A.203.

DATED this 16th of June, 2011.

_____
John V. Acosta
United States Magistrate Judge